IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

                Plaintiff,

  v.

ERIC FOX, REBECCA TERVONEN,
SHAYNE LLOYD, MICHAEL DOTSON,           OPINION and ORDER
SHAWN FORNEY, LENNON MCDONALD,
CHRISTOPHER BORTZ, AUSTIN SCHLACTER,         23-cv-709-jdp
TIA CHENTNIK, DUNCAN FLEINER,
JESSICA MAYFIELD, KELSEY STANGE,
WAYNE OLSON, RYAN BLOUNT, and
PAUL KONIAR,

                Defendants.

---

Plaintiff Jovan Williams, proceeding without counsel, is an inmate at Columbia Correctional Institution (CCI). He is proceeding on Fourth and Eighth Amendment excessive force and improper strip search claims against the defendants, who are correctional officers and supervisors at the prison.

Defendants move for summary judgment, contending that Williams failed to exhaust his administrative remedies because he didn't file a timely grievance about the events giving rise to this case. Dkt. 19. I conclude that Williams did file a timely grievance. State regulations allow inmates to submit complaints about sexual assault at any time. The regulations also provide an alternative process for submitting such complaints, including sending complaints directly to the warden. Williams's allegations concern sexual assault. He wrote to the warden in April 2023 to complain about the strip search incident at issue in this case, so he complied with the rules for complaining about sexual assault.

BACKGROUND

The events at issue occurred on June 26, 2022, as Williams was being transferred from his cell in the Restricted Housing Unit to controlled separation. Defendants are correctional officers and supervisors who conducted a strip search on Williams during the transfer. Williams says that the defendants slammed his head against a wall, punched him, and unnecessarily tased him during the strip search, or that they failed to intervene to prevent the other officers from doing so.

Williams did not submit any complaints about the strip search until March 2023, when he called the state Prison Rape Elimination Act (PREA) hotline to complain that he had been sexually assaulted during a strip search in June 2022. In April 2023, Williams also wrote to the CCI warden, Larry Fuchs, and to the secretary of the Department of Corrections, describing the incident and requesting an investigation. The state's PREA compliance manager reviewed video footage of the incident and determined that Williams's allegations did not meet the definition of sexual abuse or sexual harassment.

On May 14, 2024, Williams filed an inmate complaint about the June 2022 incident. The complaint examiner referred the complaint to the PREA compliance manager, who advised that the allegation of sexual assault had already been investigated and closed. The complaint examiner then rejected the complaint as untimely because it had been submitted outside the 14-day window for inmate complaints.

ANALYSIS

**A. Exhaustion**

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the Inmate Complaint Review System (ICRS) process as set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Williams grieved the strip search incident in two ways. First, in March and April of 2023, he wrote to the DOC secretary and to the warden and called in a complaint to the state's Prison Rape Elimination Act (PREA) hotline. Second, in May 2024, Williams submitted an ICRS complaint about the incident.

The May 2024 ICRS complaint was not sufficient to exhaust Williams's administrative remedies because Williams did not file that complaint until after he filed this lawsuit. The

3

PLRA requires prisoners to exhaust administrative remedies before filing a federal lawsuit. *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

That leaves the March and April 2023 complaints. Williams did not use the ICRS process to submit these complaints, which would ordinarily mean that he failed to follow the prison's procedures for grievances. But Wisconsin has an alternative procedure for grieving PREA complaints alleging sexual assault. Wis. Admin. Code DOC § 310.08. An inmate alleging sexual assault "may use an alternative method of filing [complaints], including submission of the complaint directly to the warden." *Id.* § 310.08(2).

Williams brings claims for improper strip search and excessive force, but both types of claims arise out of the same factual allegations: that defendants slammed his head against a wall, punched him, and unnecessarily tased him during a strip search. In his complaints to the PREA hotline and the warden, Williams asserted that these actions amounted to sexual assault. In their briefs, defendants do not contend that Williams's allegations are unrelated to sexual assault. I conclude that his allegations are subject to the alternative PREA complaint procedure.

The PREA complaint procedure allows inmates to submit complaints directly to the warden. Williams wrote to the warden about the strip search incident in April 2023, so he complied with that procedure. Dkt. 22-5. Defendants contend that Williams's complaint was untimely because it was not submitted until nine months after the strip search incident. But the PREA complaint procedure does not have time limits. "[A]n inmate may file a complaint regarding sexual abuse or sexual harassment at any time." Wis. Admin. Code § DOC 310.08(1).

There is still a question whether Williams filed all necessary appeals for his PREA complaint. The PREA complaint procedure does not modify the prison's standard procedure

4

for appealing complaints. *See Id.* § 310.08(7). It is not clear from the evidence whether Williams appealed his PREA complaint. The evidence shows only that the DOC investigated Williams's March and April 2023 complaints through the DOC's PREA office and determined that Williams's allegations did not meet the PREA definition of sexual abuse or sexual harassment because the officers acted in accordance with their official duties. But defendants carry the burden of showing that Williams did not exhaust. Defendants provide no evidence that Williams failed to follow the § 310.08(2) procedure for reporting a complaint of sexual assault, so they have not met their burden.

Williams also contends that administrative remedies were not available to him because his claims relate to a conduct report, which inmates are not allowed to grieve through the ICRS process. But I have concluded that Williams exhausted his remedies by writing to the warden, so I need not consider that argument.

**B. Other issues**

I will briefly address Williams's two other motions.

First, Williams moves to voluntarily dismiss his claim that defendant Forney conducted a body cavity search. Dkt. 24. He says that after reviewing video of the incident, it is clear that Forney did not conduct a body cavity search. I will dismiss Williams's claims that are based on this allegation. Williams is still proceeding on improper strip search and excessive force claims based on allegations that defendants threw him against a wall, punched him, and unnecessarily tased him during the strip search.

Second, Williams moves to strike defendants' brief and declaration in Dkt. 28 and Dkt. 29 and to sanction the defendants. Dkt. 30 and Dkt. 32. I see no reason to strike the defendants' filings or to impose sanctions, so I will deny these motions.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment on exhaustion grounds, Dkt. 19, is DENIED.

2. Plaintiff Jovan Williams's motion to dismiss claims that defendant Forney conducted a body cavity search, Dkt. 24, is GRANTED. Williams's claims based on this allegation are dismissed. Williams is still proceeding on improper strip search and excessive force claims based on allegations that defendants threw him against a wall, punched him, and unnecessarily tased him during the strip search.

3. Plaintiff's motion to strike and motion for sanctions, Dkt. 30 and Dkt. 32, are DENIED.

Entered January 29, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge