IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

                Plaintiff,

   v.

ERIC FOX, REBECCA TERVONEN,
SHAYNE LLOYD, MICHAEL DOTSON,                        ORDER
SHAWN FORNEY, LENNON MCDONALD,
CHRISTOPHER BORTZ, AUSTIN SCHLACTER,            23-cv-709-jdp
TIA CHENTNIK, DUNCAN FLEINER,
JESSICA MAYFIELD, KELSEY STANGE,
WAYNE OLSON, RYAN BLOUNT, and
PAUL KONIAR,

                Defendants.

---

      Plaintiff Jovan Williams, proceeding without counsel, is proceeding on Fourth and Eighth Amendment excessive force and improper strip search claims. Williams filed multiple motions ahead of the April 1 dispositive motions deadline, which I will address in this order.

      First, Williams moves to compel production of certain videos of the incident. Dkt. 41. After Williams filed his motion, defendants gave him an additional chance to review video. But in his reply brief, Williams said two videos are still missing: (1) video of Williams's interactions with defendant Tervonen before the incident, and (2) video of the alleged assault that Williams committed which led to him being removed from his cell and strip searched. Defendants filed a surreply explaining that there is no additional footage, so I will deny the motion to compel.

      Second, Williams moves to amend his complaint to add failure-to-intervene claims against two additional defendants: correctional officer Brook Steingraeber, and correctional officer Woods. Dkt. 50. Williams says that these individuals failed to stop defendants Fox and Tervonen from using excessive force against him. Williams says that he is amending his

complaint now because he only discovered that these individuals were present when he reviewed video of the incident on March 6, 2025.

Defendants do not object to Williams adding two new defendants, and the DOJ indicates that it will accept service for these individuals if the court screens Williams' new allegations and allows him to proceed. Dkt. 58. But defendants ask the court to strike the current dispositive motions deadline and to give 60 days for the new defendants to answer.

I do not find entirely persuasive Williams's reason for amending his complaint so close to the dispositive motions deadline. Williams does not explain why he did not identify these individuals during the several previous opportunities he had to review video. But adding these defendants does not substantially change the scope of the case given that Williams is asserting only failure-to-intervene claims against them. I will grant Williams's motion. I am also screening his complaint under 28 U.S.C. § 1915(e)(2) and § 1915A and will allow him to proceed on failure-to-intervene claims against Steingraeber and Woods.

Given the new defendants, the current dispositive motions deadline is not tenable. But I will not give the new defendants the full 60 days to answer. The new defendants will have until April 22, 2025, to answer or otherwise plead. The dispositive motions deadline will be May 13, 2025. The rest of the schedule, including the trial date, remains in place.

Third, Williams moves for the appointment of an independent expert witness to explain "what played out on the video and the use of force made upon plaintiff." Dkt. 53. I will deny that motion. Williams does not need an expert to explain what happened to him; he can do that himself.

Fourth, Williams moves to strike video footage he says is irrelevant and to prevent any of the defendants from testifying as experts. Dkt. 54; Dkt. 55; Dkt. 59. I will deny these

2

motions without prejudice because they are premature. Williams may renew his objections to defendants' evidence at summary judgment or before trial.

ORDER

IT IS ORDERED that:

1. Plaintiff Jovan Williams's motion to compel, Dkt. 41, is DENIED.

2. Plaintiff's motion to amend his complaint, Dkt. 50, is GRANTED. Plaintiff is granted leave to proceed on failure-to-intervene claims against defendants Brook Steingraeber and Woods. The new defendants will have until April 22, 2025, to answer or otherwise plead.

3. The dispositive motions deadline is moved to May 13, 2025.

4. Plaintiff's motion for a court-appointed expert witness, Dkt. 53, is DENIED.

5. Plaintiff's motions to strike video footage and prevent any defendants from testifying as experts, Dkt. 54; Dkt. 55; and Dkt. 59, are DENIED without prejudice.

Entered March 24, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge